# UNITED STATES DISTRICT COURT
for the
**Eastern District of Kentucky**
**London Division**

| | | |
|---|---|---|
| Ronald Hall, Sr. | ) | |
|     *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| Equifax Information Services, LLC | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     Corporation Service Company | ) | |
|     421 West Main Street | ) | |
|     Frankfort, KY 40601 | ) | |
| | ) | |
| Capital One Bank (USA), N.A. | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     Capital One Bank (USA), N.A. | ) | |
|     4851 Cox Road | ) | |
|     Glen Allen, VA 23060 | ) | |
| | ) | |
| Credit One Bank, N.A. | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     Credit One Bank, N.A. | ) | |
|     585 Pilot Road | ) | |
|     Las Vegas, NV 89119 | ) | |
| | ) | |
| First Premier Bank | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     First Premier Bank | ) | |
|     601 South Minnesota Avenue | ) | |
|     Sioux Falls, SD 57104 | ) | |
| | ) | |
| LVNV Funding, LLC | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     Corporation Service Company | ) | |
|     2711 Centerville Road, Suite 400 | ) | |
|     Wilmington, DE 19808 | ) | |

| | |
|---|---|
| Online Information Services, Inc. | ) |
| d/b/a Online Collections | ) |
| Serve: | ) |
|     James A. Blair | ) |
|     685 W. Fire Tower Road | ) |
|     Winterville, NC 28590-9232 | ) |
| | ) |
| Resurgent Capital Services, L.P. | ) |
|     *Defendant* | ) |
| Serve: | ) |
|     Corporation Service Company | ) |
|     421 W. Main Street | ) |
|     Frankfort, KY 40601 | ) |
| | ) |
| Whitaker Bank, Inc. | ) |
|     *Defendant* | ) |
| Serve: | ) |
|     SKP Services, LLC | ) |
|     300 West Vine Street, Suite 2100 | ) |
|     Lexington, KY 40507-1801 | ) |
| | ) |

## **COMPLAINT and DEMAND FOR JURY TRIAL**

### INTRODUCTION

1. This is an action brought by Plaintiff Ronald Hall for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA")

### JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, the FCRA § 1681p, and 15 U.S.C. § 1692k.

### PARTIES

3. Plaintiff Ronald Hall is a natural person who resides in Pulaski County, Kentucky, a retired member of the armed forces of the United States of America, and a "consumer" within the meaning of the FCRA, as defined at 15 U.S.C. § 1681a(c) and the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4. Defendant Equifax Information Services, LLC ("Equifax") is a foreign limited liability company with its principal place of business located at 1550 Peachtree Street NW, Atlanta,

GA 30309. Equifax is registered to do business with Kentucky Secretary of State. Equifax is a "consumer reporting agency" within the meaning of the FCRA.

5. Capital One Bank (USA), N.A. ("Capital One") is a national bank regulated by the Office of the Comptroller of the Currency, with its headquarters located at 4851 Cox Road, Glen Allen, VA 23060. Capital One is a furnisher of credit information within the meaning of the FCRA.

6. Credit One Bank, N.A. ("Credit One") is a national bank regulated by the Office of the Comptroller of the Currency, with its headquarters located at 585 Pilot Road, Las Vegas, NV 89119. Credit One is a furnisher of credit information within the meaning of the FCRA.

7. First Premier Bank ("First Premier") is federally chartered bank regulated by the Federal Reserve Board, with its headquarters located at 601 South Minnesota Avenue, Sioux Falls, SD 57104. First Premier is a furnisher of credit information within the meaning of the FCRA.

8. LVNV Funding, LLC ("LVNV") is a foreign limited liability company, which has not registered with the Kentucky Secretary of State. LVNV is engaged in the business of purchasing debt from creditors and collecting these debts from consumers in this state. LVNV's principal place of business is located at Bank of America Building, 200 Meeting Street, Suite #206, Charleston, SC 29401-3187.

9. LVNV regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6). LVNV is also a furnisher of information within the meaning of the FCRA.

10. Online Information Services, Inc. d/b/a Online Collections ("Online Collections") is a foreign corporation, which has not registered with the Kentucky Secretary of State, and is engaged in the business of collecting debts on behalf of original creditors. Online Collection's principal place of business is 685 W. Fire Tower Road, Winterville, NC 28590-9232.

11. Online Collections is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6). Online Collection is also a furnisher of information within the meaning of the FCRA.

12. Resurgent Capital Services, L.P. ("Resurgent") is a foreign limited partnership, which is registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts in this state and/or collecting debts on behalf of other debt collectors such as LVNV. Resurgent's principal place of business is 15 S. Main St., #400, Greenville SC, 29601.

13. Resurgent is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6). Resurgent is also a furnisher of information within the meaning of the FCRA.

14. Whitaker Bank ("Whitaker") is a federal savings association regulated by the Office of the Comptroller of the Currency, with its headquarters located at 2001 Pleasant Ridge Drive, Lexington, KY 40505. Whitaker is a furnisher of credit information within the meaning of the FCRA.

## STATEMENT OF FACTS

**I.      Facts as to Whitaker Bank and Equifax Information Services, LLC**

15. In March 2010, Mr. Hall cosigned for a commercial loan with Whitaker Bank ("Whitaker").

16. After his cosigner defaulted on the loan, Mr. Hall was unable to shoulder the payments on his own.

17. The Whitaker loan went into default.

18. Whitaker charged off the loan sometime in 2012.

19. Whitaker furnished negative credit information to the consumer reporting agencies Equifax Information Services, LLC and Trans Union, LLC concerning the defaulted and charged-off commercial loan.

20. On January 31, 2014, Mr. Hall and his wife filed for Chapter 7 Bankruptcy relief in the U.S. Bankruptcy Court for the Western District of Kentucky, Case No. 14-30329-thf (the "Hall Bankruptcy").

21. Mr. Hall listed Whitaker as a creditor in his bankruptcy petition in the Hall Bankruptcy.

22. Whitaker filed a proof of claim in the Hall Bankruptcy.

23. A true and accurate copy of Whitaker Bank's Proof of Claim # 2 as filed in the Hall Bankruptcy is attached to this Complaint as Exhibit "A."

24. Whitaker filed several motions in the Hall Bankruptcy, including motions for emergency examinations of Mr. and Ms. Hall pursuant to Fed. R. Bankr. P. 2004 and a motion to extend the time for filing objections to the discharge.

25.   A true and accurate copy of the Docket Report for the Hall Bankruptcy is attached to this Complaint as Exhibit "B."

26.   The Bankruptcy Court issued a discharge of Mr. Hall's debts in the Hall Bankruptcy, including his debt to Whitaker, on August 6, 2014.

27.   A true and accurate copy of the August 6th discharge in the Hall Bankruptcy is attached to this Complaint as Exhibit "C."

28.   After getting the discharge and his economic fresh start, Mr. Hall slowly righted his economic ship.

29.   In early 2017, Mr. Hall and his wife became comfortable and economically stable enough to begin a serious search for a home to purchase.

30.   On or about April 21, 2017, Mr. and Ms. Hall applied for a home loan with Prime Mortgage Lending, Inc. ("Prime Mortgage").

31.   Prime Mortgage denied their loan application based on negative credit information on the Halls' credit report.

32.   After they were denied the loan, the Halls reviewed the tri-merged credit report that Prime Lending reviewed in connection with their loan application.

33.   Mr. Hall discovered many errors on his credit report, including tradelines that were discharged in his bankruptcy and tradelines for accounts that he did not open.

34.   In particular, Mr. Hall discovered that the Whitaker Bank tradeline for the commercial loan discharged in his Chapter 7 Bankruptcy on his Equifax credit report was still showing a positive balance, a charge-off status, and a current payment status of 120+ late for 25 months.

35.   On or about April 25, 2017, Mr. Hall sent a dispute letter to Equifax disputing the Whitaker Bank tradeline.

36.   Mr. Whitaker's April 25th dispute as to the Whitaker Bank identified Whitaker Bank by name and account number. The letter stated:

> This mortgage account was included in my CH 7 filing, investigate this error and either fix it or delete off my credit file.

37. Mr. Hall's dispute letter to Equifax triggered Equifax's duty under 15 U.S.C. § 1681i(a)(1) to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information…."

38. The dispute to Equifax also triggered Equifax's duty under 15 U.S.C. § 1681i(a)(2) to send Whitaker "prompt notice" of Mr. Hall's dispute within five days of receipt of the dispute.

39. In turn, receipt of notice of Mr. Hall's dispute from Equifax triggered Whitaker's duty under 15 U.S.C. § 1681s-2(b)(1) to "conduct an investigation with respect to the disputed information" which included a duty to "review all relevant information provided by" Equifax and to "report the results of the investigation to" Equifax.

40. Both Equifax and Whitaker utterly failed to conduct a reasonable investigation of Mr. Hall's dispute.

41. After receiving notice of Mr. Hall's dispute from Equifax, Whitaker failed to "modify" its tradeline to show that the debt was discharged in Mr. Hall's Chapter 7 Bankruptcy as a result of its investigation or delete it entirely. 15 U.S.C. § 1681s-2(b)(1)(E).

42. Equifax failed to modify the Whitaker tradeline to reflect that it had been discharged in Mr. Hall's bankruptcy as a result of its investigation or to delete the tradeline entirely. 15 U.S.C. § 1681i(a)(5). *See also White v. Experian Information Solutions, Inc., et al.*, Approval Order regarding Settlement Agreement and Release, 8:05-cv-01070 (C.D. Calif. entered Aug. 19, 2008) (establishing reasonable procedures for reporting of tradelines discharged in bankruptcy to assure maximum possible accuracy of consumer credit reports).

43. In particular, after Whitaker and Equifax had conducted investigations of Mr. Hall's written dispute, the Whitaker tradeline continued to be inaccurately reported on Mr. Hall's Equifax consumer credit report as follows:

| Name: WHITAKER BANK | Acct #: 430041XXXX | Credit Limit: n/a | Date Reported: 04/30/2014 |
|---|---|---|---|
| Date Opened: 03/17/2010 | Balance: $20,501 | Past Due: $2,261 | Acct Status: CHARGE-OFF |

**WHITAKER BANK**
PO Box 55439
Lexington, KY 40555-5439
(606) 299-9200

| | | | |
|---|---|---|---|
| Account Number: | 430041XXXX | Current Status: | CHARGE-OFF |
| Account Owner: | Joint Account | High Credit: | N/A |
| Type of Account: | Mortgage | Credit Limit: | N/A |
| Terms Duration: | 99 Years | Terms Frequency: | Monthly (due every month) |
| Date Opened: | 03/17/2010 | Balance: | $20,501 |
| Date Reported: | 04/30/2014 | Amount Past Due: | $2,261 |
| Date of Last Payment: | 02/2014 | Actual Payment Amount: | $0 |
| Scheduled Payment Amount: | $385 | Date of Last Activity: | N/A |
| Date Major Delinquency First Reported: | 03/2014 | Months Reviewed: | 49 |
| Creditor Classification: | | Activity Description: | N/A |
| Charge Off Amount: | $20,046 | Deferred Payment Start Date: | |
| Balloon Payment Amount: | $0 | Balloon Payment Date: | |
| Date Closed: | | Type of Loan: | yes |
| Date of First Delinquency: | 05/2011 | | |
| Comments: | Charged off account, Variable adjustable Rate, | | |

**81-Month Payment History**

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2014 | 180 | 180 | CO | | | | | | | | | |
| 2013 | 120 | 120 | 120 | 120 | 180 | 180 | 180 | 180 | 180 | 180 | 180 | 180 |
| 2012 | 60 | 90 | 90 | 60 | 60 | 90 | 90 | 120 | 120 | 120 | 120 | 120 |
| 2011 | 30 | 30 | 30 | * | 30 | 30 | 30 | 30 | 60 | 60 | 90 | 90 |
| 2010 | | | * | * | * | * | * | * | * | * | * | 30 |

44. Because of the inaccurate credit information concerning the Whitaker tradeline published by Equifax to its subscribers and users of its consumer credit reports, Mr. Hall was denied credit, had to pay more for credit, and experienced a decrease in his credit scores. Indeed, he was denied a second home loan application after Equifax and Whitaker had processed his dispute.

45. Equifax's reporting of the Whitaker tradeline with an account status of charge off, a balance past due, and a payment status of 120+ past due for 26 months or more was inaccurate in violation of the FCRA, 15 U.S.C. § 1681e(b); 15 U.S.C. § 1681i.

46. Equifax failed to follow reasonable procedures to assure maximum possible accuracy in the preparation of Mr. Hall's credit reports and credit files it publishes and maintains concerning Mr. Hall. If Equifax had reasonable procedures in place, Equifax would have discovered that Mr. Hall's obligations under the Whitaker tradeline had been discharged in his Chapter 7 Bankruptcy *before* publishing Mr. Hall's credit reports to its subscribers and users of its consumer reports in connection with Mr. Hall's loan and credit applications.

47. Equifax failed to maintain reasonable procedures designed to assure maximum possible accuracy and thereby avoid violations of the FCRA in connection with publishing credit information concerning Mr. Hall and the discharged Whitaker tradeline.

48. Equifax failed to conduct a reasonable investigation of Mr. Hall's dispute and to correctly modify or delete the Whitaker tradeline as part of its investigation.

49. Whitaker failed to conduct a reasonable investigation of Mr. Hall's dispute after receiving notice of the dispute from Equifax.

II. Relationship between LVNV Funding, LLC and Resurgent Capital Services, L.P.

50. Even though LVNV engages in substantial and significant debt collection activity across the country, LVNV apparently has no employees. See Statement of Material Facts filed as Dkt. #69 in *Randall v. Nelson & Kennard*, 2:09-cv-00387 (D.Ariz. filed Aug. 9, 2010).

51. Resurgent services LVNV's debt collection "pursuant to a written agreement and power of attorney." *Id.*

52. Consequently, Resurgent may be responsible for furnishing LVNV's tradeline on Mr. Hall's consumer credit reports.

III. Facts as to Remaining Defendants

53. In reviewing his April 21, 2017 tri-merged consumer credit report, Mr. Hall discovered negative tradelines furnished by Capital One Bank (USA), N.A. ("Capital One"); Credit One Bank, N.A. ("Credit One"); First Premier Bank ("First Premier"); LVNV Funding, LLC and/or Resurgent Capital Services, L.P. ("LVNV/Resurgent"); and Online Information Services, Inc. d/b/a Online Collections ("Online Collections").

54. Upon information and belief, the tradelines furnished by LVNV/Resurgent and Online Collections each concerned a debt incurred for personal, family, or household purposes, which makes each debt a "debt" within the meaning of the FDCPA.

55. LVNV/Resurgent and Online Collections each furnished negative credit information about Mr. Hall for purposes of collecting a debt from him within the meaning of the FDCPA. Sullivan v. Equifax, Inc., CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) ("[R]eporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terms.'").

56. The tradelines furnished by Capital One, Credit One, First Premier, and LVNV/Resurgent all concerned accounts that Mr. Hall did not open. He was also unaware that these accounts had been opened in his name.

57. The tradeline furnished by Online Collections concerned a debt that had been discharged in the Hall Bankruptcy.

58. On April 25, 2017, Mr. Hall sent dispute letters to all three major consumer reporting agencies ("CRA's") disputing the Capital One, Credit One, First Premier, and LVNV/Resurgent tradelines.

59. As to each tradeline, Mr. Hall's dispute letters identified each tradeline by name and account number and stated:

> This [account] was opened and used without my permission, it is a fraudulent account. Please delete it from my credit records now.

60. Mr. Hall's April 25th dispute letters to the CRA's triggered each CRA's duty under 15 U.S.C. § 1681i(a)(2) to send Capital One, Credit One, First Premier, and LVNV/Resurgent "prompt notice" of Mr. Hall's dispute.

61. In turn, receipt of notice of Mr. Hall's dispute from the CRAs triggered Capital One's, Credit One's, First Premier's, and LVNV/Resurgent's duty under 15 U.S.C. § 1681s-2(b)(1) to "conduct an investigation with respect to the disputed information" which included a duty to "review all relevant information provided by" the CRA's and to "report the results of the investigation to" the CRA's.

62. Capital One, Credit One, First Premier, and LVNV/Resurgent each failed to conduct a reasonable investigation of Mr. Hall's dispute.

63. Capital One, Credit One, First Premier, and LVNV/Resurgent each failed to delete the disputed tradeline. 15 U.S.C. § 1681s-2(b)(1)(E).

64. Capital One, Credit One, First Premier, and LVNV/Resurgent each violated the FCRA by failing to conduct a reasonable investigation of Mr. Hall's dispute after receiving notice of his dispute from the CRAs.

65. LVNV/Resurgent violated the FDCPA by furnishing false credit information about Mr. Hall and by attempting to collect a debt from him that he did not owe.

66. Online Collections violated the FDCPA by attempting to a collect a debt from Mr. Hall that was discharged in his Chapter 7 Bankruptcy.

**CLAIMS FOR RELIEF**

I. **Claims against Whitaker Bank**

67. After being informed by Equifax Information Services, LLC ("Equifax") that Mr. Hall disputed the accuracy of the information Whitaker Bank ("Whitaker") was furnishing to Equifax concerning the Whitaker tradeline, Whitaker willfully failed to conduct a proper investigation of Mr. Hall's disputes filed with Equifax.

68. Whitaker willfully failed to review and all relevant information purportedly provided by Equifax to Whitaker in conducting its investigation of Mr. Hall's disputes as required by 15 U.S.C. § 1681s-2(b)(B).

69. Whitaker willfully failed to direct Equifax to modify or delete inaccurate information about Mr. Hall pertaining to the Whitaker tradeline as required by 15 U.S.C. § 1681s-2(b)(C).

70. Mr. Hall has a private right of action to assert claims against Whitaker arising under 15 U.S.C. § 1681s-2(b).

71. Whitaker is liable to Mr. Hall for the actual damages he has suffered because of Whitaker's violations of the FCRA, in an amount to be determined by the trier of fact, or up to $1,000.00 in statutory damages, whichever is greater, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681n.

IN THE ALTERNATIVE

72. Whitaker's actions as alleged *supra* were negligent or reckless and Whitaker is liable to Mr. Hall for the actual damages he has suffered because of Whitaker's violations of the FCRA, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681o.

II. **Claims against Equifax Information Services, LLC**

A. **Violations of 15 U.S.C. § 1681e**

73. Equifax Information Services, LLC ("Equifax") violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of consumer reports it published to its subscribers and users of its consumer reports concerning Mr. Hall and the discharged Whitaker Bank tradeline.

74. Equifax's conduct, actions and inactions were willful, rendering Equifax liable under 15 U.S.C. § 1681n for actual, statutory, and punitive damages, along with attorney's fees and costs. Equifax was on clear notice that the failure to update that consumers' debts have been discharged in bankruptcy was improper due to similar lawsuits raising the same or similar claims as this action having been filed against Equifax in this and other jurisdictions for the same or similar claims of failing to update that consumers' debts have been discharged in bankruptcy.

75. In the alternative, Equifax's conduct, actions and inactions were reckless, grossly negligent or negligent, rendering Equifax liable under 15 U.S.C. § 1681o for actual damages, along with attorney's fees and costs.

**B.     Violations of 15 U.S.C. § 1681i**

76. Equifax violated 15 U.S.C. § 1681i by failing to conduct a reasonable investigation of Mr. Hall's dispute concerning the accuracy of the credit information furnished by Whitaker Bank.

77. Equifax's conduct, actions and inactions were willful, rendering Equifax liable under 15 U.S.C. § 1681n for actual, statutory, and punitive damages, along with attorney's fees and costs.

78. In the alternative, Equifax's conduct, actions and inactions were reckless, grossly negligent or negligent, rendering Equifax liable under 15 U.S.C. § 1681o for actual damages, along with attorney's fees and costs.

**III.    Claims against Capital One Bank (USA), N.A.**

79. After being informed by Equifax Information Services, LLC ("Equifax") that Mr. Hall disputed the accuracy of the information Capital One Bank (USA), N.A. ("Capital One") was furnishing to Equifax concerning the Capital One tradeline, Capital One willfully failed to conduct a proper investigation of Mr. Hall's disputes filed with Equifax.

80. Capital One willfully failed to review and/or furnish all relevant information purportedly provided by Equifax to Capital One in conducting its investigation of Mr. Hall's disputes as required by 15 U.S.C. § 1681s-2(b)(B).

81. Capital One willfully failed to direct Equifax to modify or delete inaccurate information about Mr. Hall pertaining to the Capital One tradeline as required by 15 U.S.C. § 1681s-2(b)(C).

82. Mr. Hall has a private right of action to assert claims against Capital One arising under 15 U.S.C. § 1681s-2(b).

83. Capital One is liable to Mr. Hall for the actual damages he has suffered because of Capital One's violations of the FCRA, in an amount to be determined by the trier of fact, or up to $1,000.00 in statutory damages, whichever is greater, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681n.

84. In the alternative, Capital One's actions were reckless or negligent and Capital One is liable to Mr. Hall for the actual damages he has suffered because of Capital One's violations of the FCRA, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 16810.

**IV. Claims against Credit One Bank, N.A.**

85. After being informed by Equifax Information Services, LLC ("Equifax") that Mr. Hall disputed the accuracy of the information Credit One Bank, N.A. ("Credit One") was furnishing to Equifax concerning the Credit One tradeline, Credit One willfully failed to conduct a proper investigation of Mr. Hall's disputes filed with Equifax.

86. Credit One willfully failed to review all relevant information purportedly provided by Equifax to Credit One in conducting its investigation of Mr. Hall's disputes as required by 15 U.S.C. § 1681s-2(b)(B).

87. Credit One willfully failed to direct Equifax to modify or delete inaccurate information about Mr. Hall pertaining to the Credit One tradeline as required by 15 U.S.C. § 1681s-2(b)(C).

88. Mr. Hall has a private right of action to assert claims against Credit One arising under 15 U.S.C. § 1681s-2(b).

89. Credit One is liable to Mr. Hall for the actual damages he has suffered because of Credit One's violations of the FCRA, in an amount to be determined by the trier of fact, or up to $1,000.00 in statutory damages, whichever is greater, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681n.

90.     In the alternative, Credit One's actions were negligent and Credit One is liable to Mr. Hall for the actual damages he has suffered because of Credit One's violations of the FCRA, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681o.

## V.     Claims against First Premier Bank

91.     After being informed by Equifax Information Services, LLC ("Equifax") that Mr. Hall disputed the accuracy of the information First Premier Bank ("First Premier") was furnishing to Equifax concerning the First Premier tradeline, First Premier willfully failed to conduct a proper investigation of Mr. Hall's disputes filed with Equifax.

92.     First Premier willfully failed to review and all relevant information purportedly provided by Equifax to First Premier in conducting its investigation of Mr. Hall's disputes as required by 15 U.S.C. § 1681s-2(b)(B).

93.     First Premier willfully failed to direct Equifax to modify or delete inaccurate information about Mr. Hall pertaining to the First Premier tradeline as required by 15 U.S.C. § 1681s-2(b)(C).

94.     Mr. Hall has a private right of action to assert claims against First Premier arising under 15 U.S.C. § 1681s-2(b).

95.     First Premier is liable to Mr. Hall for the actual damages he has suffered because of First Premier's violations of the FCRA, in an amount to be determined by the trier of fact, or up to $1,000.00 in statutory damages, whichever is greater, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681n.

96.     In the alternative, First Premier's actions were reckless or negligent and First Premier is liable to Mr. Hall for the actual damages he has suffered because of First Premier's violations of the FCRA, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681o.

## VI.    Claims against LVNV Funding, LLC and Resurgent Capital Services, L.P.

### A.     Violations of the FCRA

97.     After being informed by Equifax Information Services, LLC ("Equifax") that Mr. Hall disputed the accuracy of the information LVNV Funding, LLC and/or Resurgent Capital

Services, L.P. ("LVNV/Resurgent") were furnishing to Equifax concerning the LVNV/Resurgent tradeline, LVNV/Resurgent willfully failed to conduct a proper investigation of Mr. Hall's disputes filed with Equifax.

98. LVNV/Resurgent willfully failed to review and/or furnish all relevant information purportedly provided by Equifax to LVNV/Resurgent in conducting its investigation of Mr. Hall's disputes as required by 15 U.S.C. § 1681s-2(b)(B).

99. LVNV/Resurgent willfully failed to direct Equifax to modify or delete inaccurate information about Mr. Hall pertaining to the LVNV/Resurgent tradeline as required by 15 U.S.C. § 1681s-2(b)(C).

100. Mr. Hall has a private right of action to assert claims against LVNV/Resurgent arising under 15 U.S.C. § 1681s-2(b).

101. LVNV/Resurgent are liable to Mr. Hall for the actual damages he has suffered because of LVNV/Resurgent's violations of the FCRA, in an amount to be determined by the trier of fact, or up to $1,000.00 in statutory damages, whichever is greater, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681n.

102. In the alternative, LVNV/Resurgent's actions were reckless or negligent and LVNV/Resurgent is liable to Mr. Hall for the actual damages he has suffered because of LVNV/Resurgent's violations of the FCRA, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681o.

### B. Violations of the FDCPA

103. LVNV/Resurgent violated the FDCPA, 15 U.S.C. § 1692e and 15 U.S.C. § 1692f and one or more subsections of each statute by attempting to collect a debt from Mr. Hall that he does not owe and by furnishing false credit information concerning Mr. Hall.

## VII. Claims against Online Information Services, Inc. d/b/a Online Collections

104. Online Information Services, Inc. d/b/a Online Collections ("Online Collections") violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692f and one or more subsections of each statute by attempting to collect a debt from Mr. Hall that was discharged in his Chapter 7 Bankruptcy and by furnishing false credit information concerning Mr. Hall.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Ronald E. Hall requests that the Court grant him the following relief:

1. Award Mr. Hall maximum statutory damages under the FCRA against each Defendant except Online Information Services, Inc.;

2. Award Mr. Hall actual damages against each Defendant pursuant to the FCRA and/or FDCPA;

3. Award Mr. Hall punitive damages under the FCRA against each Defendant except Online Information Services, Inc.;

4. Award Mr. Hall maximum statutory damages under the FDCPA against Online Information Services, Inc.; LVNV Funding, LLC; and Resurgent Capital Services, L.P.;

5. Award Mr. Hall reasonable attorney's fees and costs;

6. A trial by jury; and

7. Such other relief as may be just and proper.

Respectfully submitted,

/s/ James R McKenzie
**James R. McKenzie**
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:   (502) 371-2179
Fax:   (502) 257-7309
jmckenzie@jmckenzielaw.com

**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:   (502) 473-6525
Fax:   (502) 473-6561
james@kyconsumerlaw.com